**CAROLINA CASUALTY COMPANY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 11571.**

United States Court of Appeals Seventh Circuit.

Feb. 10, 1956.

---

**934**

Alvin A. Turner, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., G. Kent Yowell, John Peter Lulinski, Asst. U. S. Attys., Northern District of Illinois, Chicago, Ill., of counsel, for appellee.

Before DUFFY, Chief Judge, and SWAIM and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

This appeal seeks a reversal of a judgment entered against Carolina Casualty Company [1] on June 17, 1955 for $5,000 and costs, and in favor of United States of America.[2]

The surety on September 9, 1953 executed an appearance bond filed on behalf of its principal, Robert Johnson,[3] in the sum of $5,000, which provided that if defendant failed to appear in accordance with all orders and directions of the court relating to his appearance in the case of United States of America v. Robert Johnson, No. 53 CR 577, in said district court, following his indictment for violation of § 2553(a), Title 26, and § 174, Title 21 United States Code Annotated, payment of the amount of said bond to be due forthwith.

On October 26, 1953, Judge William J. Campbell of said court ordered the bond forfeited for the failure of the defendant to appear on that date and issued a bench warrant for his arrest. On the next day, an agent of the surety arrested defendant and delivered him to the United States marshal in Chicago. The agent told the marshal and Richard G. Kahn, an assistant United States attorney who was prosecuting the case, not to release defendant upon the company's bond for the reason that the defendant had breached the contract by not appearing on time and that the company did not desire to serve any longer as surety on the defendant's bond.

On October 28, 1953, the marshal brought defendant before Judge Campbell for arraignment. Present at the hearing were the defendant, assistant United States attorney James P. Pirag-

---

1. Hereinafter referred to as the "surety" or "company".

2. Hereinafter referred to as "plaintiff".
3. Hereinafter referred to as "defendant".

ine, who was handling the case in the absence of Kahn, and Antonio M. Gassaway, attorney for the surety. The defendant pleaded not guilty and trial was set for December 15, 1953. The court ordered the October 26, 1953 bond forfeiture vacated and set aside, the bench warrant quashed and the defendant released from custody and allowed to remain at large on his bond previously filed, the same to remain in full force and effect.

The case was subsequently continued and on March 19, 1954, the court ordered the bond forfeited for the failure of the defendant to appear.

On June 1, 1955, plaintiff moved for a judgment of default on the March 19, 1954 bond forfeiture, pursuant to rule 46(f) of the Federal Rules of Criminal Procedure.

On June 16, 1955, the surety moved to vacate the March 19, 1954 bond forfeiture on the ground that no valid bond was in effect on that day.

On June 17, 1955, after oral argument, Judge Knoch to whom the case had been reassigned, denied the surety's motion and entered the judgment aforesaid.

1. When the defendant failed to appear in court on October 26, 1953, this was a breach of condition of the bond signed by defendant and the surety. Thereupon the court properly declared a forfeiture of the bail.[4]

After the surety delivered defendant to the marshal, accompanied by the statements of the agent of the surety, made to the marshal and the assistant United States attorney, as hereinbefore set forth, the defendant was brought before the court on October 28, 1953. The attorney for the surety was present. The defendant pleaded not guilty and his trial date was set. The court ordered the bond forfeiture vacated and set aside and the defendant released from custody and allowed to remain at large on his bond previously filed, the same to remain in full force and effect. The surety's attorney made no objection and by his silence acquiesced in the order, which was entered in conformity with rule 46(f)(2) of the Federal Rules of Criminal Procedure, providing that:

"The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture."

This order of the court was never questioned, as far as this record shows, by the surety on or before March 19, 1954 when the court again ordered the bond forfeited for the failure of defendant to appear pursuant to the court's order.

The judgment, from which an appeal has been taken, was thereupon entered on June 17, 1955 pursuant to rule 46(f)(3).

It is true that after the forfeiture order of October 26, 1953, the surety turned the defendant over to the marshal. However, the surety at no time requested or procured from the court or any authorized officer a recommitment of the defendant or an indorsement of a discharge on the bond or a certified copy thereof and exoneratur of the surety. The statute governing surrender by bail, 18 U.S.C.A. § 3142, reads:

"Any party charged with a criminal offense and admitted to bail, may, in vacation, be arrested by his surety, and delivered to the marshal or his deputy, and brought before any judge or other officer having power to commit for such offense; and at the request of such surety, the judge or other officer shall recommit the party so arrested to the custody of the marshal, and indorse on the recognizance, or certified copy thereof, the discharge and exoneratur of such surety; and the person so committed shall be held in custody until discharged by due course of law."

The acts of the surety's agent as he turned over the defendant to the marshal indicated a desire to have the bond

4. Federal Rules of Criminal Procedure, Rule 46(f)(1), 18 U.S.C.A.

forfeiture vacated, and that was actually a result which flowed therefrom. He failed, however, to perform those acts which were necessary in order to obtain a discharge and exoneratur of the surety, as such. The attorney for the surety was in open court when Judge Campbell directed that the defendant be released from custody and allowed to remain at large on the bond executed by the surety. At this time the attorney made no objection or statement so as to make the surety's intentions known to the court.

The statute prescribes the mode by which a surety's bail bond obligations may be released. The surety in this case did not comply with that procedure, and remained liable as surety. Upon a subsequent forfeiture of the bond, a judgment was therefore properly entered against it.

The judgment is

Affirmed.