**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jerry Lee COATS, Defendant,**
**Surety Insurance Company of California,**
**Surety-Appellant.**

**No. 71–1637.**

United States Court of Appeals,
Tenth Circuit.

April 10, 1972.

Douglas McKinnon, Denver, Colo., for surety-appellant.

John W. Madden, III, Asst. U. S. Atty. (James L. Treece, U. S. Atty. on the brief), Denver, Colo., for plaintiff-appellee.

Before HILL, BARRETT and DOYLE, Circuit Judges.

HILL, Circuit Judge.

This is an appeal from an order of the United States District Court for the District of Colorado denying appellant's motion to set aside bond forfeiture.

Jerry Lee Coats was charged in the United States District Court for the District of Colorado with transferring marijuana in violation of 26 U.S.C. §

11. United States v. Ireland, 456 F.2d 74 (10th Cir. 1972); United States v. DeLuzio, 454 F. 2d 711 (10th Cir. 1972).

4742(a), which prescribes a written order signed by the Secretary of the Treasury for transfer of marijuana. He was released on May 30, 1970 upon a surety bond of $8,000 written by the Surety Insurance Company of California. The bond provided that Coats could proceed to Tucson, Arizona, to face similar charges and directed him to report daily to the office of the United States Marshal there. Thereafter, the appellant was ordered to appear in the Colorado District Court for arraignment on June 12, 1970, at which time he did not appear as ordered. The court was then informed that Coats was in jail at Tucson. The bond was not revoked at that time, but arraignment was rescheduled for July 31, 1970.

The Surety Insurance Company of California, the appellant herein, filed a motion to withdraw from defendant's bond on July 30, 1970. Coats voluntarily appeared for arraignment on July 31, 1970. He advised the court that he would have to be in Tucson on August 3 and 4, 1970, for certain motions and trial on the charges there. Although Coats' counsel indicated that he was not prepared to argue Surety's motion to withdraw, having been served with same only that morning, the court directed the counsel for Coats and for Surety to discuss refund of the bond fee. Surety advised the court that it would only refund the fee to a Mr. Miranda, who had allegedly paid the fee for Coats. The court replied that Miranda had nothing to do with it, and that this was a matter between Coats and Surety. The trial judge further indicated that unless the court could get Surety's cooperation in resolving the problem of getting Coats to Tucson for the impending trial there, Surety's motion to withdraw would be granted but Surety would then be taken off the list of bondsmen for the United States District Court for Colorado. Surety agreed to continue on the bond provided the defendant be required to appear in the Colorado court several days after the conclusion of the Tucson trial. The court ordered Coats to appear 72 hours after the conclusion of the trial in Tucson. The defendant failed to appear; on motion of the government, the court entered an order forfeiting the bond on August 13, 1970.

Surety filed a motion to set aside bond forfeiture on August 21, 1970; the motion was heard and denied on October 2, 1970. An appeal to this Court was taken but was dismissed as premature and for lack of jurisdiction. Coats was apprehended in San Francisco, California, on August 17, 1971, in connection with his failure to appear in the United States District Court for Colorado after his Tucson trial. Pursuant to F.R. Crim.P. 46(f) (3),[1] judgment in the sum of $8,000 was entered against Surety upon government motion. Surety appeals.

Appellant contends that the trial court abused its discretion in not setting aside the bond forfeiture. Surety further argues that justice did not require forfeiture under the facts in this case, as the trial court coerced appellant into remaining on the bond. We are unconvinced by Surety's arguments. There was no abuse of discretion in denial of the motion to set aside forfeiture, nor does justice require that the forfeiture rest unenforced.

This Court has recently dealt with the scope of review of an order directing bond forfeiture. In Williams v. United States, 444 F.2d 742, at 744 (10th Cir. 1971), cert. denied United Bonding Insurance Co. v. United States, 404 U.S. 938, 92 S.Ct. 275, 30 L.Ed.2d 250, we stated: ". . . the setting aside of a forfeiture and remission thereafter are not matters of right, but are discretionary with the court, and the only question before us is whether the court below abused its discretion in determining that justice required enforcement of the forfeiture." "Discretion" means sound

---

1. *Rule 46(f) Forfeiture (3) Enforcement.* When a forfeiture has not been set aside, the court shall on motion enter a judgment of default and execution may issue thereon.

discretion, exercised not arbitrarily or willfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result.[2] The appellate court should not substitute its discretion unless the trial court acted arbitrarily and capriciously, rather than merely severely or harshly.[3] Coats' failure to appear was willful; we may assume the year's delay in Coats' appearance caused the government additional expenses.[4] We thus find no abuse of the trial court's discretion in denial of appellant's motion to set aside forfeiture.

■■ We are aware that F.R.Crim. P. 46(f) (2) directs that a forfeiture be set aside if it appears that justice does not require the enforcement of the forfeiture. However, we do not find this to be the situation here. The Seventh Circuit decision in Carolina Casualty Co. v. United States, 229 F.2d 933 (7th Cir. 1956), aids us in this determination. In that case, a surety had made a motion to be removed from a bond, and had surrendered the defendant to the court. Without objection, the court entered an order retaining the surety on the bond. The defendant subsequently absconded, and a judgment was entered against the surety for the amount of the bond. Only when the judgment was entered against the surety was there an objection to the earlier order. The Seventh Circuit affirmed the judgment. Appellant here contends that the trial court coerced Surety into remaining on the bond by threatening to delete Surety from the list of bondsmen in that court. Had Surety refused to continue on the bond and an order deleting Surety from the list been issued, such order would have been reviewable by this Court.[5]

Surety acquiesced in remaining on the bond and raised objections thereto only after a forfeiture had been declared. Appellant desires the best of both worlds, as it were. Justice does not require that the enforcement of the bond forfeiture be set aside when the surety first complains of the circumstances surrounding a continuation on the bond at the time a forfeiture is declared.

Affirmed.

2. Smaldone v. United States, 211 F.2d 161, 163 (10th Cir. 1954); United States v. Davis, 202 F.2d 621, 625 (7th Cir. 1953), cert. denied sub nom. Ferguson v. United States, 345 U.S. 998, 73 S.Ct. 1141, 97 L.Ed. 1404.

3. United States v. Davis, 202 F.2d 621, 624 (7th Cir. 1953), cert. denied sub

nom. Ferguson v. United States, 345 U.S. 998, 73 S.Ct. 1141, 97 L.Ed. 1404.

4. See Larson v. United States, 296 F.2d 167, 171 (8th Cir. 1961).

5. See Concord Casualty & Surety Co. v. United States, 69 F.2d 78 (2d Cir. 1934).