**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles W. NOLAN, Jr.,
Defendant-Appellant.**

**No. 77–1231.**

United States Court of Appeals,
Tenth Circuit.

Submitted Oct. 4, 1977.

Decided Oct. 20, 1977.

C. Rabon Martin, Tulsa, Okl., filed a brief for defendant-appellant.

James P. Buchele, U. S. Atty., John K. Sargent, Asst. U. S. Atty., Topeka, Kan., filed a brief for plaintiff-appellee.

Before SETH and McWILLIAMS, Circuit Judges, and PICKETT, Senior Circuit Judge.

PER CURIAM.

The sole issue presented for our review is whether the district court abused its discretion in refusing to set aside an order forfeiting appellant Charles W. Nolan's bond. We find no abuse of discretion under the facts here and affirm.

Nolan was arrested on drug charges on July 16, 1975 at the Wichita, Kansas airport. The facts surrounding his arrest and conviction are fully set forth in our opinion affirming the conviction on direct appeal. *United States v. Nolan,* 551 F.2d 266 (10th Cir. 1977). Bond was set on July 18, 1975 at $10,000. Among the conditions of the bond was a travel restriction which provided that Nolan could not travel outside of Pennsylvania, his home, without prior court permission except to travel to Kansas for court appearances and to New Mexico. Bond was reduced to $5,000 on August 15, 1975. Nolan as principal and his father as surety executed the bond and paid $5,000 into the court registry. Nolan was eventually convicted on December 10, 1975. He was sentenced on January 19, 1976 and allowed to remain free on bond pending appeal.

On November 1, 1976 the government filed a motion for an order to show cause why Nolan's bond should not be forfeited for breach of the travel restriction. The motion was based upon information received from the Drug Enforcement Administration that Nolan had traveled from New York to New Delhi, India on September 20, 1976. The district court issued a show cause order on November 2, 1976 directing Nolan to appear before the court at 9:30 a. m. on November 15, 1976 to show cause why the bond should not be forfeited for breach of the travel restriction. The record shows that the order was sent to Nolan's home in Newcastle, Pennsylvania and the return receipt was signed by Nolan's father. A copy of the show cause order was also sent to Nolan's attorney. Counsel for Nolan filed a response to the motion on November 11, 1976. Thereafter, Nolan failed to appear as directed on November 15, 1976 and the district court entered an order forfeiting the bond for failure to appear as required by the bond and as set forth in the show cause order. The court also issued a bench warrant for Nolan's arrest. On November 22, 1976, Nolan's attorney filed a motion to determine the conditions of setting aside the forfeiture and a motion for a rehearing. The district court treated the motions as a motion to set aside the forfeiture. Nolan subsequently was arrested when he returned to the United States from India on December 2, 1976.

The district court held a hearing on Nolan's motion on December 13, 1976. Nolan

admitted the breach of the travel restriction and the matter was by agreement submitted to the court on the basis of the statements made by counsel. The court entered its order denying the motion to set aside the forfeiture on February 2, 1977.

Pursuant to Rule 46, F.R.Cr.P., the district court had no discretion in determining whether the bond should be forfeited. That Rule provides in part that:

"(e) Forfeiture

(1) Declaration. If there is a breach of condition of a bond, the district court *shall* declare a forfeiture of the bail." (emphasis added)

In the instant case, Nolan breached two conditions of the bond: he failed to appear in court as directed and he violated the travel restriction. These two violations mandated forfeiture of the bond. The pivotal question then, as noted earlier, is whether the district court abused its discretion in refusing to set aside the forfeiture. See e. g., *United States v. Coats,* 458 F.2d 192 (10th Cir. 1972); *Williams v. United States,* 444 F.2d 742 (10th Cir. 1971). The burden of proving that the forfeiture should be set aside is on Nolan. *United States v. Foster,* 417 F.2d 1254 (7th Cir. 1969). Factors to be considered in making that determination include willfulness of the breach and prejudice to the government. See e. g. *United States v. Nell,* 169 U.S.App.D.C. 380, 515 F.2d 1351, 1353 (1975) and cases cited therein.

Among the arguments advanced here is that the court erred in failing to set forth pursuant to Rule 46(e)(2) the conditions which would warrant setting aside the forfeiture. We think this contention is without merit. The section is permissive and certainly there is no obligation on the part of the trial court to set such conditions prior to hearing. Indeed, common sense dictates that a hearing would shed light on what conditions, if any, should be set. Here, following the hearing, the court implicitly found no conditions were appropriate. We agree.

The district court found that Nolan's breach of the conditions was willful, that the government was prejudiced thereby, and that neither Nolan as principal nor his father as surety offered any cogent reasons for the breaches. These findings are fully supported by the record. The record shows that Nolan fraudulently obtained the passport which permitted his sojourn in India by stating on the application that he had lost his prior passport while traveling in Kansas when in fact his passport had been confiscated at the time of his initial arrest on July 16, 1975. And, as noted, he admitted that he violated the travel restriction. Further, Nolan argued in the district court that he did not receive personal notice of the November 15, 1976 hearing. This lack of notice is clearly chargeable to Nolan. The show cause order was sent to the address given by Nolan and was signed by his father. As the district court found, if Nolan desired personal notice, he should have notified the district court of the change of his address. We have no hesitation in agreeing with the district court that both the failure to appear in court as directed by the show cause order and the breach of the travel restriction were willful on the part of Nolan.

The district court also found that the government suffered prejudice. As noted, this finding is supported by the record and we believe it is unnecessary to go behind this finding to ascertain the exact extent of such prejudice.

Finally, the record shows that no cogent reasons for the breaches were offered by either Nolan or his father. Under such circumstances relief is not available. *Williams v. United States, supra.*

The judgment of the district court is affirmed.