UNITED STATES of America,
Plaintiff-Appellee,

v.

Clemente MARQUEZ, Defendant,

v.

Jean WILSON, Noel Dion, John H.
Wimberly and Fred Joe Moreno,
Sureties-Appellants.

No. 76–1436.

United States Court of Appeals,
Tenth Circuit.

Oct. 25, 1977.

Jon L. Holm of Holm, Willis & Dill, Denver, Colo. (H. Alan Dill, Denver, Colo., on the brief), for Noel Dion and Fred Joe Moreno, sureties-appellants.

Gary Lozow of Epstein, Lozow & Preblud, Denver, Colo., for John H. Wimberly and Jean Wilson, sureties-appellants.

Vern R. Corporon, Asst. U. S. Atty., Denver, Colo. (James L. Treece, U. S. Atty., and Richard J. Spelts, First Asst. U. S. Atty., Denver, Colo., on the brief), for plaintiff-appellee.

Before LEWIS, Chief Judge, and BREITENSTEIN and DOYLE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the district court for the District of Colorado denying a motion to vacate a judgment of forfeiture of a bail bond. Appellants were sureties on a bond guaranteeing the appearance of defendant Clemente Marquez. The bond was executed on September 14, 1974 and defendant subsequently appeared for trial and was convicted. The bond was ordered continued by the court pending sentencing but shortly after the conviction defendant was granted a new trial. He failed to appear for the second trial on August 18, 1975 and two weeks later the district court declared the appearance bond forfeited. Appellants received no notice of defendant's·failure to appear nor of the declaration of forfeiture. Their first notice was of a government motion, filed November 26, 1975, to enter judgment on the forfeiture. The district court granted the motion and later, after a hearing, denied appellants' motion to vacate the judgment.

Appellants present two issues on appeal. The first is whether the bond contract is to be interpreted in light of Colorado law which requires a surety's consent to continue the bond after conviction. The second is whether the government is estopped from obtaining forfeiture of the bond because of its failure to notify the sureties of defendant's fugitive status for over three months.

■ In considering the first issue presented by appellants we believe, as did the district court, that it is unnecessary to decide whether state or federal law governs the interpretation of a bond contract in federal court. Even if we apply Colorado law requiring consent by the sureties to continue a bond after conviction,[1] consent has been given here by the clear force of the contract language. The bond contract specifically provided that

> the defendant is to abide any judgment entered in [this case] by surrendering himself to serve any sentence imposed and obeying any order or direction in connection with such judgment as the court imposing it may prescribe.

> . . . . .

> It is agreed and understood that this is a continuing bond which shall continue in full force and effect until such time as the [sureties] are duly exonerated.

Identical language was before the district court for the Western District of Missouri where, in a carefully reasoned opinion, the court held that the contract unequivocally imposed liability upon the surety until the defendant surrendered himself for his sentence. *United States v. Wray,* W.D.Mo., 389 F.Supp. 1186, 1190–91.

Appellants argue that *Wray* is distinguishable because there was no Missouri statute requiring the sureties' consent after conviction. Appellants' basic argument is that we should engraft the Colorado consent statute onto the bond contract in order to vary the contract's express terms. Such an action would be clearly improper. That Colorado law does not require it is shown by

a decision of the Colorado Court of Appeals in *People v. Marshall,* Colo.App., 527 P.2d 929. The surety there argued that he had not given his consent to continuing the bond after conviction as required by § 16–4–201. The court's answer is appropriate here:

> The bond itself bears the written consent of the surety Rothe, covers the period following conviction to and including "the final sentence or order of the Court," and therefore complies with [§ 16–4–201], if it is applicable. There is nothing in the bond calling for separate consents at various stages in the proceedings.

527 P.2d at 930.

■ The language of a bond contract should be strictly construed in accord with its own terms. *United States v. Jackson,* 10 Cir., 465 F.2d 964. The language in the bond at issue here clearly obligated defendant to abide any order of the court and to surrender himself for sentencing. He has failed to comply and the bond was therefore properly forfeited.

■ In the second issue raised on appeal appellants argue they were entitled to notice of defendant's failure to appear and of the declaration of forfeiture. As to the failure of defendant to appear, it is the sureties' contractual obligation to insure defendant's presence in court at the appropriate time. *Williams v. United States,* 10 Cir., 444 F.2d 742, *cert. denied sub nom., United Bonding Insur. Co. v. United States,* 404 U.S. 938, 92 S.Ct. 275, 30 L.Ed.2d 250. It is therefore incumbent upon them to be aware of his location. In light of these considerations it would be incongruous to condition the sureties' liability on notice by the government of defendant's failure to appear, and we decline to do so. *See Williams, supra,* at 744.

In arguing that they were entitled to notice of the court's declaration of forfeiture appellants cite only Fed.R.Crim.P. 46(e). That rule sets out four possible steps

---

1. This requirement is found in Colo.Rev.Stat. § 16–4–201 as construed in *Rodriquez v. Peo-* *ple,* Colo., 554 P.2d 291, and *People v. Bartsch,* Colo.App., 543 P.2d 1273.

which a district court may take in declaring, enforcing, or setting aside a bond forfeiture. In comparing 46(e)(1)[2] and 46(e)(3)[3] it is quite clear that the court need only provide notice of a motion to enter judgment on the forfeiture under 46(e)(3). There is no requirement for notice to the sureties when the court merely declares the forfeiture under 46(e)(1). Appellants did receive notice of the motion to enter judgment and therefore rule 46(e) does not provide any ground for reversal.

Affirmed.

**2.** "If there is a breach of condition of a bond, the district court shall declare a forfeiture of the bail."

**3.** "When a forfeiture has not been set aside, the court shall on motion enter a judgment of default and execution may issue thereon. . . . The motion and such notice of the motion as the court prescribes may be served on the clerk of the court, who shall forthwith mail copies to the obligors to their last known addresses."