MR. JUSTICE CARRIGAN
delivered the opinion of the Court.
Petitioners seek reversal of a Denver Superior Court decision affirming the county court’s action in forfeiting bail bonds posted by the petitioners for two criminal defendants. We affirm.
The petitioners are in the bail bond business and posted appearance bonds for two defendants. After the defendants were tried and convicted, the trial court ordered their bonds continued pending sentencing. Neither defendant appeared for sentencing, and a judgment forfeiting both bonds was entered.
Petitioners assert that the court’s action forfeiting the bonds violated section 16-4-201, C.R.S. 1973 (1978 Repl. Vol. 8). That section provides in part: “No bond shall be continued in effect following conviction, unless the written consents of the sureties, if any, are filed of record.” (Emphasis added.) Petitioners contend that since they did not so consent in any writing filed after the convictions, the bonds were no longer in force by the time the defendants failed to appear for sentencing. The People, on the other hand, argue that a surety may consent in advance, or may waive the statutory protection, and that in the bonds here involved, the sureties did expressly consent to be bound after conviction. They point out that the statute does not require that a consent, to be effective, be filed after the conviction. Both bonds here involved provided that the sureties guaranteed that the defendant would appear in court:
“ . . . from day to day and term to term, and from day to day of each term thereafter and not depart the same without leave until the final sentence or order of the Court, . . . then and there to abide such final sentence or order of said Court, then and in that case this recognizance to become void, otherwise to be in full force and effect.” (Emphasis added.)
This language binding the surety until “final sentence or order of said Court . . . ” is prescribed in the appearance bond forms required by the Denver County Court. Petitioners contend that this language conflicts with the statute and therefore is unenforceable. Respondent argues that there is no conflict, rather the bond’s language constitutes the written *11 consent contemplated by the statute.
We agree with the respondent and hold that, by executing the contracts containing the above-quoted language, the sureties gave the statutorily required written consent to continue their liability on the bonds after conviction and until sentencing. See Rodriquez v. People, 191 Colo. 540, 554 P.2d 291 (1976) (pointing out that the language of the agreement is important in resolving this kind of issue). Nothing in the statute requires separate or renewed consents at various stages of the proceeding. Accord, United States v. Marquez, 564 F.2d 379 (10th Cir. 1977). Therefore, there is no conflict between the statute and the clear contract language.
Insofar as People v. Craig, 41 Colo. App. 383, 585 P.2d 1257 (1978), is inconsistent with our decision here, we disapprove it.
Accordingly, the superior court’s judgment is affirmed.