**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ramon NAVARRETE–MARTINEZ, Defendant,**

**And Concerning**

**Douglas Riddle, Professional Surety-Appellant.**

**No. 84–1062.**

United States Court of Appeals, Tenth Circuit.

Nov. 4, 1985.

As Amended Nov. 6, 1985.

Steven R. Newell, Denver, for surety-appellant.

Presiliano Torrez, Asst. U.S. Atty. (William L. Lutz, U.S. Atty., and Robert J. Baca, Asst. U.S. Atty., on brief), Albuquerque, N.M., for plaintiff-appellee.

Before BARRETT and McKAY Circuit Judges, and CARRIGAN, District Judge *.

CARRIGAN, District Judge.

Appellant, Professional Surety Inc., appeals a district court order forfeiting a bail

* Honorable Jim R. Carrigan, of the United States District Court for the District of Colorado, sit-
ting by designation.

bond. On October 6, 1982, a grand jury indicted Ramon Navarrete-Martinez ("Defendant") on several criminal counts relating to smuggling of illegal aliens. Appellant posted a $10,000 bond on behalf of the defendant. December 3, 1982, the defendant pled guilty to conspiracy to transport illegal aliens and sentencing was set for January 18, 1983. Defendant failed to appear for sentencing, and on October 13, 1983, the United States Attorney moved for an order forfeiting the bond. On October 18, 1983, the district court mailed to the appellant an Order and Notice setting a hearing on the matter for October 28, 1983. Appellant received a copy of the Order and Notice but did not receive a copy of the government's motion. On October 28, 1983, both parties appeared at the hearing, and on October 31, 1983, the court forfeited the bond and entered judgment for the United States in the amount of the bond.

 Appellant argues that the trial court erred in failing to forfeit the defendant's bond immediately upon his failure to appear at the sentencing hearing. Fed.R. Crim.P. 46(e)(1) states, "If there is a breach of condition of a bond, the district court shall declare a forfeiture of the bail." Nothing in the rule, however, requires the trial court to declare a forfeiture immediately upon the defendant's failure to appear. Therefore this argument is without merit. *Appearance Bond Surety v. United States,* 622 F.2d 334 (8th Cir.1980).

Appellant's second argument is that the court violated Rule 46(e)(3), Fed.R.Crim.P. by failing to mail it a copy of the Motion for Forfeiture of Bond and for Judgment. That rule states:

> "When a forfeiture has not been set aside, the court shall on motion enter a judgment of default and execution may issue thereon.... The motion and such notice of the motion as the court prescribes may be served on the clerk of the court, who shall forthwith mail copies to the obligors to their last known addresses."

 While the appellant did not receive an actual copy of the motion, Mr. Douglas Riddle, the appellant's agent, was aware that the motion had been filed, and of the circumstances giving rise to its filing, well before the October 28 hearing. He also attended that hearing. Therefore, the court's failure to · comply with Fed.R. Crim.P. 46(e)(3) is harmless error.

 Appellant further argues that the procedure followed by the trial court constituted a breach of the terms of the bond, discharging the appellant from liability. A careful reading of the bond reveals that there was no breach.

Finally, the appellant argues that the government's motion was improper under Fed.R.Crim.P. 46, that the trial court erred in not granting a remission of the judgment, and that the court erred in not granting an evidentiary hearing. These arguments are without merit.

AFFIRMED.