No. 86-149

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

STATE OF MONTANA,

   Plaintiff and Respondent,

 -vs-

WAYNE EUGENE SUNDAY, and
INTERNATIONAL FIDELITY INSURANCE
COMPANY,

   Defendants and Appellants.

---

APPEAL FROM: District Court of the Twentieth Judicial District,
      In and for the County of Sanders,
      The Honorable E. Gardner Brownlee, Judge presiding.

COUNSEL OF RECORD:

  For Appellant:

    H. L. Garnaas; Garnaas, Hall & Pinsoneault, Missoula,
    Montana

  For Respondent:

    Hon. Mike Greely, Attorney General, Helena, Montana
    Clay R. Smith, Asst. Attorney General, Helena
    Claude I. Burlingame, County Attorney, Thompson Falls,
    Montana

---

Submitted on Briefs: Sept. 4, 1986

Decided: December 16, 1986

Filed: **DEC 16 1986**

*Ethel M. Harrison*

---
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Wayne Sunday and the International Fidelity Insurance Company appeal from an order of the District Court of the Twentieth Judicial District, in and for the County of Sanders, entering judgment on a forfeited bail bond. For the reasons stated below, we affirm that judgment.

Wayne Sunday, defendant and appellant, was charged in Sanders County, State of Montana, with the crime of felony theft. On December 5, 1984, Judge Beitz set bond in the amount of $2000, with an appearance set for December 11. International Fidelity Insurance Company (Surety) issued a surety bond for $2000 through its agent, Sullivan & Hunt Agency (Agent) of Missoula, Montana. The court approved the bond and released Sunday. He subsequently appeared in District Court and pled not guilty to the charge.

On May 14, 1985, Sunday appeared for an omnibus hearing. He was represented by Brian Smith. Subsequently, the court set the trial date for August 15. However, Sunday did not appear on that date, and Smith moved for a continuance. The court granted the motion and a new trial date was set for September 26. On that date, Sunday again failed to appear. The court granted Smith's motion for a continuance. The new trial date was set for October 22, 1985. When Sunday failed to appear at that time, the court declared the bond forfeited and issued a bench warrant for his arrest.

On January 7, 1986, the Clerk of the District Court sent notice of the forfeiture to the Agent. The order forfeiting bond was signed by Judge McNeil on January 6. Upon receiving notice of forfeiture, the Agent, on behalf of the Surety, immediately began trying to locate Sunday. After an

2

extensive search crossing state lines and even employing the assistance of the Internal Revenue Service, Sunday could not be located.

On February 18, the State moved for entry of judgment on the forfeiture. The Surety subsequently moved for discharge of the forfeiture. On February 25, the court denied the Surety's motion and granted judgment to the State on the forfeited bond for $2000.

Two issues are presented for our consideration:

1. Where a defendant does not appear in court for a scheduled appearance, must the court declare a forfeiture of his bond immediately or lose jurisdiction to declare a forfeiture thereafter?

2. Where a court does not mail notice of the order of forfeiture to the surety until seventy-seven days after the declaration of forfeiture, does it lose jurisdiction to enter judgment on the forfeiture thereafter?

I

Appellants first contend that the District Court was required to declare the bond forfeited on the date of defendant's first non-appearance. Since the court did not declare a forfeiture on that date, it lost jurisdiction to do so at anytime afterwards.

The controlling statute on this issue is § 46-9-503, MCA. Section (1) provides:

> If the accused does not comply with the conditions of the bail bond, the court having jurisdiction shall enter an order declaring the bail to be forfeited.

There is nothing in this statute that requires a court to declare a forfeiture immediately upon a defendant's first

non-appearance. Furthermore, there is no provision which releases a surety from the ultimate liability on a bond prior to the conditions of bail being performed and the defendant being discharged. See § 46-9-502, MCA. To require a court to declare forfeiture immediately upon a breach of a condition of bail would unnecessarily straightjacket the court by a rule neither mandated by statute nor required by policy.

Federal Rule of Criminal Procedure 46(e)(1) is substantially the same as Montana's § 46-9-503(1). That rule states: "If there is a breach of condition of a bond, the district court shall declare a forfeiture of the bail." In United States v. Navarrete-Martinez (10th Cir. 1985), 776 F.2d 887, the court was faced with the same argument being raised by appellants here. In summarily dismissing the surety's contention, the court held:

> Nothing in the rule, however, requires the trial court to declare a forfeiture immediately upon the defendant's failure to appear. Therefore this argument is without merit.

Navarrete-Martinez, 776 F.2d at 888. See also Appearance Bond Surety v. United States (8th Cir. 1980), 622 F.2d 334.

Rather than being prejudiced by the court's action, as appellants contend, the Surety was actually helped. Had the court declared forfeiture immediately, the Surety would have been absolutely liable on the bond with only thirty days within which to locate Sunday. However, because the court continued the trial date, the Surety had more time to look for defendant. Likewise, the State was benefited because the Surety had more incentive to locate defendant prior to forfeiture than it had afterwards. Thus, the public interest in obtaining the appearance of the defendant was better served.

4

We hold that the District Court had jurisdiction to declare forfeiture of the bond when it did so.

II

The court declared the bond forfeited on October 22, 1985. However, it waited until January 7, 1986, to forward notice of the forfeiture to the Agent--a delay of seventy-seven days. Appellants contend that this delay violated the requirements of § 46-9-503, MCA, because notice was not mailed "forthwith" and that the court lost jurisdiction to enter judgment on the forfeiture because the proper procedure was not followed. Appellants further contend that the Surety was prevented from producing defendant after his first non-appearance because it was not notified of such non-appearance by the court.

Section 46-9-503 is the controlling statute on this issue also. It provides in relevant part:

> (2) If such forfeiture is declared by a district court, notice of such order of forfeiture shall be mailed forthwith by the clerk of the court to the accused and his sureties at their last known address.
>
> (3) If at any time within 30 days after the forfeiture the defendant or his bail appear and satisfactorily excuse his negligence or failure to comply with the conditions of the bail, the court, in its discretion, may direct the forfeiture of the bail to be discharged upon such terms as may be just.
>
> (4) If such forfeiture is declared by a district court and if the forfeiture is not discharged as provided in this section, the court shall enter judgment for the state against the accused and his sureties for the amount of the bail and costs of the proceedings.

At the outset, it should be noted that there is a distinction between forfeiture and judgment on the

5

forfeiture. Once forfeiture of the bond is declared by the court, the surety becomes liable for payment on the bond unless, within thirty days from such declaration, the surety or the defendant appear and satisfactorily excuse the defendant's failure to comply with the conditions of bail. At that point, the surety cannot be compelled by the State to pay the bond. However, once judgment is entered on the forfeiture, it becomes binding on the surety, and the State can seek execution of its judgment. This distinction is important when considering whether the requirements of due process have been met.

Section 46-9-503 requires only that notice of forfeiture be mailed to an accused and his surety. It does not require a court to notify the surety of a defendant's non-appearance. Since the Surety assumed the duty of ensuring Sunday's appearance, it was presumed to know of his whereabouts. Therefore, it was not necessary for the court to notify the Surety of Sunday's non-appearance. See United States v. Roher (5th Cir. 1983), 706 F.2d 725; United States v. Craft (11th Cir. 1985), 763 F.2d 402. Appellants' contention on this point is without merit.

Appellants are correct, however, in their assertion that the court did not mail notice of the order of forfeiture "forthwith," as required by the statute. Upon declaring the bond forfeited, the proper procedure would have been for the court to mail notice of the order to appellants without delay. Had that been the case, the Surety or the defendant would have had thirty days to appear and excuse defendant's breach. Nevertheless, even though the court did not send notice to appellants when it should have, it did not lose jurisdiction to enter judgment on the forfeiture. As long as

6

the requirements of the statute and the mandates of due process were met, the judgment against appellants was valid.

Notice of forfeiture was mailed to appellants on January 7, 1986. On February 25, 1986, the court entered judgment on the forfeiture for the State. Thus, a period of more than thirty days elapsed between notice of forfeiture and judgment on the forfeiture. This procedure substantially met the requirements of § 46-9-503 as well as the requirements of due process. As in the first issue, the Surety was not prejudiced by the court's action; rather, it was benefited. It had an extra three months within which to locate defendant and discharge the forfeiture before the judgment was entered. Any error that resulted accrued to appellants' advantage.

The judgment is affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

7