See also 732 F.Supp. 89.

**UNITED STATES of America, Plaintiff,**

v.

**Richard Ray LACEY, a/k/a Rick Ray Lacey, Defendant.**

No. 89–10054–01.

United States District Court, D. Kansas.

July 8, 1991.

Emily Metzger, Asst. U.S. Atty., Wichita, Kan., for U.S.

Stephen E. Robison, Wichita, Kan., for defendant.

James L. Pinkerton, Wichita, Kan., for Surety.

## MEMORANDUM AND ORDER

CROW, District Judge.

This case comes before the court upon the motion of American Bankers Insurance Company of Florida (American Bankers) to set aside the judgment for bond forfeiture. The Government opposes American Bankers' motion.

### FACTS

On July 6, 1989, Richard Ray Lacey was charged by information with violations of federal drug laws. On July 12, 1989, Richard Ray Lacey was released on bond subject to the usual conditions, including the agreement to appear for all scheduled court appearances. The bond was set at $100,000 and the conditions of release required the execution of a bail bond with sufficient solvent sureties or the deposit of cash. The surety for the $100,000 bond is American Bankers Insurance Company. On July 27, 1989, Lacey was indicted by a federal grand jury.

On February 6, 1990, Lacey failed to appear at trial as ordered. On that same day, the United States filed a Motion for Forfeiture of Bond. The United States served a copy of the motion on Ernest Moulos, counsel for Lacey. The United States apparently did not serve a copy of the motion on American Bankers or the clerk of the court. On that same day, an order forfeiting the bond was entered by the court.

On February 21, 1990, the United States made a motion for judgment on the bond forfeiture. On February 26, 1990, the court entered an order for judgment on bond forfeiture. The order awarded judgment in the amount of $100,000 plus interest in favor of the United States against Lacey.

On February 28, 1991, upon the motion of the United States, an amended judgment for bond forfeiture was entered in the amount of $100,000 plus interest in favor of the United States against Lacey and American Bankers, a surety, jointly and severely.

Lacey was tried and convicted in absentia. Lacey continued to violate the conditions of release and the terms of his bond. The United States Marshal's service, after extensive investigation and expense, located and apprehended Lacey. Upon his return, Lacey was charged with and subsequently entered a plea of guilty to failure to appear in violation of 18 U.S.C. § 3146(a)(1). Lacey currently awaits sentencing.

The United States has repeatedly made demand upon American Bankers for payment. American Bankers has not made payment.

### THE PARTIES' POSITIONS

In a cursory two paragraph motion and argument, American Bankers asks the court to set aside the judgment for bond forfeiture entered on February 28, 1991. American Bankers asserts that the United States "did not go through proper procedure in that this surety did not receive notice of this bond forfeiture."

The Government's response consists of six pages and additional exhibits. After setting out the facts of this case, the Government argues that it is entitled to judgment on the bond forfeiture and that the judgment should stand. The Government first notes that the Fed.R.Crim.P. 46(e) provides that in the event of a breach of a condition of the bond, the court shall declare a forfeiture of the bail and that no notice of the forfeiture is required. The Government notes that it moved for and the court granted judgment in its favor. The Government somewhat acknowledges that notice of the motion for judgment on the forfeiture may not have been in technical compliance with Rule 46, but argues that the "submission to the clerk of the court of the order for judgment, which referenced the motion of the United States for judgment, constituted sufficient service by the United States because the clerk is,

pursuant for Federal Rule of Criminal Procedure 46, the appointed agent of the bond's obligors and the obligors had previously submitted to the court's jurisdiction by entering into a bond." The government also argues that upon new motion, the United States would nevertheless be entitled to a judgment of default on the bond even if the instant judgment were set aside.

## DISCUSSION

Federal Rule 46(e) provides:

**Forfeiture.**

**(1) Declaration.** If there is a breach of condition of a bond, the district court shall declare a forfeiture of the bail.

**(2) Setting Aside.** The court may direct that a forfeiture be set aside in whole or in part, upon such conditions as the court may impose, if a person released upon execution of an appearance bond with a surety is subsequently surrendered by the surety into custody or if it otherwise appears that justice does not require the forfeiture.

**(3) Enforcement.** When a forfeiture has not been set aside, the courts shall on motion enter a judgment of default and execution may issue thereon. By entering into a bond the obligors submit to the jurisdiction of the district court and irrevocably appoint the clerk of the court as their agent upon whom any papers affecting their liability may be served. Their liability may be enforced on motion without the necessity of an independent action. The motion and such notice of the motion as the court prescribes may be served on the clerk of the court, who shall forthwith mail copies to the obligors to their last known addresses.

**(4) Remission.** After entry of such judgment, the court may remit it in whole or in part under the conditions applying to the setting aside of forfeiture in paragraph (2) of this subdivision.

■ Upon breach of condition of a bond, the court has no discretion in determining whether the bond should be forfeited. *United States v. Nolan*, 564 F.2d 376,

378 (10th Cir.1977); Fed.R.Crim.P. 46(e)(1). Under Rule 46, the court is not required to provide notice to the sureties when the court declares forfeiture under Rule 46(e)(1). *United States v. Marquez*, 564 F.2d 379, 381 (10th Cir.1977); *Babb v. United States*, 414 F.2d 719 (10th Cir.1968); Fed.R.Crim.P. 46(e)(3). As it is the surety's contractual obligation to insure the defendant's scheduled presence in court, it is incumbent on the surety to be aware of the defendant's location. *Marquez*, 564 F.2d at 380. Therefore, the surety's liability is not conditioned upon notice by the government of the defendant's failure to appear. *Id.*

■ However, notice to the surety is required when the government moves for judgment. C. Wright, *Federal Practice and Procedure* § 776 at 175 (1982). In *Marquez*, the Tenth Circuit stated:

> In comparing 46(e)(1) and 46(e)(3) it is quite clear that the court need only provide notice of a motion to enter judgment on the forfeiture under 46(e)(3).... Appellants did receive notice of the motion to enter judgment and therefore rule 46(e) does not provide any ground for reversal.

564 F.2d at 381. In *United States v. Navarrete–Martinez*, 776 F.2d 887 (10th Cir. 1985), the surety argued that the district court violated Rule 46(e)(3) by failing to mail it a copy of the Motion for Forfeiture of Bond and for Judgment. The Tenth Circuit stated:

> While the appellant did not receive an actual copy of the motion, Mr. Douglas Riddle, the [surety's] agent, was aware that the motion had been filed, and of the circumstances giving rise to its filing, well before the October 28 hearing. He also attended that hearing. Therefore, the court's failure to comply with Fed. R.Crim.P. 46(e)(3) is harmless error.

*Id.* at 888.

## DISPOSITION

■ First, the court notes that American Bankers' motion specifically refers to the Government's failure to comply with the proper procedure in that it did not

**784**

receive "notice of this bond forfeiture." As explained above, under Rule 46 the surety is not entitled to notice of bond forfeiture; notice is presumed. Therefore, American Bankers is not entitled to relief upon the motion it has filed with the court.

Even if the court were to assume (as the Government apparently did) that American Bankers was arguing that it did not receive notice of the Government's motion for judgment on the bond forfeiture, the Tenth Circuit has recognized that technical non-compliance with the notice requirements of Rule 46 may be harmless error. *Navarrete–Martinez*, 776 F.2d at 888. American Banker's motion and spartan argument does not address this issue. On the basis of the argument presented by American Bankers it is not entitled to relief from judgment.

The court expresses no opinion upon the merits of any arguments advanced by the United States in regard to the motion for judgment.

IT IS THEREFORE ORDERED that American Banker's motion to set aside judgment for bond forfeiture (Dk. 323) is denied.