**UNITED STATES of America, Plaintiff,**

v.

**Richard Ray LACEY, a/k/a Rick Ray Lacey, Defendant.**

**No. 89–10054–01.**

United States District Court, D. Kansas.

Oct. 2, 1991.

Emily Metzger, Asst. U.S. Atty., Wichita, Kan., for U.S.

Stephen E. Robison, Wichita, Kan., for defendant.

James L. Pinkerton, Wichita, Kan., for Surety: American Bankers Ins. Co. of Florida.

## MEMORANDUM AND ORDER

CROW, District Judge.

This case comes before the court upon the motion of American Bankers Insurance Company of Florida (American Bankers) to reconsider the court's order denying its motion to set aside the judgment for bond forfeiture, or in the alternative motion for remission. American Bankers contends that it did not receive notice of the government's motion to amend the judgment of bond forfeiture to enter judgment against American Bankers.[1] The government opposes American Bankers' motion.

### Facts

On July 6, 1989, Richard Ray Lacey was charged by information with violations of federal drug laws. On July 12, 1989, Richard Ray Lacey was released on bond subject to the usual conditions, including the agreement to appear for all scheduled court appearances. The bond was set at $100,000 and the conditions of release required the execution of a bail bond with sufficient solvent sureties or the deposit of cash. The surety for the $100,000 bond is American Bankers Insurance Company. On July 27, 1989, Lacey was indicted by a federal grand jury.

On February 6, 1990, Lacey failed to appear at trial as ordered. On that same day, the United States filed a Motion for Forfeiture of Bond. The United States served a copy of the motion on Ernest Moulos, counsel for Lacey. The United States apparently did not serve a copy of the motion on American Bankers or the clerk of the court. On that same day, an order forfeiting the bond was entered by the court.

On February 21, 1990, the United States made a motion for judgment on the bond forfeiture. On February 26, 1990, the court entered an order for judgment on bond forfeiture. The order awarded judgment in the amount of $100,000 plus interest in favor of the United States against Lacey.

On February 28, 1991, upon the motion of the United States, an amended judgment for bond forfeiture was entered in the amount of $100,000 plus interest in favor of the United States against Lacey and American Bankers, a surety, jointly and severally.

Lacey was tried and convicted in absentia. Lacey continued to violate the conditions of release and the terms of his bond. The United States Marshal's service, after extensive investigation and expense, located and apprehended Lacey. Upon his return, Lacey was charged with and subsequently entered a plea of guilty to failure to appear in violation of 18 U.S.C. § 3146(a)(1). Lacey was sentenced on August 5, 1991.

The United States has repeatedly made demand upon American Bankers for payment. American Bankers has not made payment.

On July 8, 1991, the court issued its memorandum and order, *United States v. Lacey,* 768 F.Supp. 781 (D.Kan.1991), denying American Bankers' motion to set aside judgment. On August 5, 1991, American Bankers filed its motion to reconsider.

### Motion to Reconsider

American Bankers implicitly suggests that the court obviously misunderstood its motion to set aside judgment and that "[i]t should be abundantly clear that the surety is not suggesting that judgment was improper because it wasn't notified of the bond forfeiture when the defendant failed to appear." This argument of course ignores the precise language of American Bankers' two paragraph motion and argu-

---

1. The court concludes that oral argument would not materially assist the determination of this motion.

ment found in its motion to set aside judgment.

That motion, in its entirety, stated:

COMES NOW American Bankers Insurance Company of Florida, by and through its counsel, James L. Pinkerton, and respectfully moves this Court for an order setting aside the Judgment for Bond Forfeiture entered herein on February 28, 1991.

In support of this motion, American Bankers Insurance Company of Florida shows the Court that Plaintiff did not go through proper procedure in that this surety did not receive notice of this bond forfeiture.

The court should not be expected to divine the precise nature of a party's arguments. Nor should a party simply make arguments without specific reference to applicable rules or case law, thereby placing the burden of researching the issues presented solely upon the court. In short, had American Bankers utilized more than a modicum of effort in drafting its original motion and argument, it would have been unnecessary for the court to entertain this motion to reconsider.

The court also notes that this motion to reconsider was filed twenty-eight days after the court's memorandum and order were filed on July 8, 1991. Admittedly, Rule 46(e) does not set forth any specific time frames for such a motion, but the court believes that some reasonable time limitations must be placed on motions to reconsider motions to set aside bond forfeitures. The court could not locate any case discussing this somewhat unusual issue. Neither the Federal Rules of Criminal Procedure nor the local rules expressly sets forth any time limitations on a motion to reconsider a motion to set aside judgment on a bond forfeiture pursuant to Rule 46.

■ Under D.Kan. Rule 206(f), a motion to reconsider in a civil case "shall be filed within ten days after the entry of the order or decision unless the time is extended by the court." In the future, the court will expect a motion to reconsider pertaining to motion to set aside judgment on a bond under Rule 46 to be filed within ten days of entry of the order or decision.[2]

### Rule 46

Federal Rule 46(e) provides:

**Forfeiture.**

**(1) Declaration.** If there is a breach of condition of a bond, the district court shall declare a forfeiture of the bail.

**(2) Setting Aside.** The court may direct that a forfeiture be set aside in whole or in part, upon such conditions as the court may impose, if a person released upon execution of an appearance bond with a surety is subsequently surrendered by the surety into custody or if it otherwise appears that justice does not require the forfeiture.

**(3) Enforcement.** When a forfeiture has not been set aside, the courts shall on motion enter a judgment of default and execution may issue thereon. By entering into a bond the obligors submit to the jurisdiction of the district court and irrevocably appoint the clerk of the court as their agent upon whom any papers affecting their liability may be served. Their liability may be enforced on motion without the necessity of an independent action. The motion and such notice of the motion as the court prescribes may be served on the clerk of the court, who shall forthwith mail copies to the obligors to their last known addresses.

**(4) Remission.** After entry of such judgment, the court may remit it in whole or in part under the conditions

---

**2.** Looking to the time limitations governing civil cases is not unreasonable. In *United States v. Brouillet*, 736 F.2d 1414, 1415 (10th Cir.1984) the Tenth Circuit held "the time for appeal from an order relating to the forfeiture of a criminal bail bond is governed by the rules for appeals from a civil case." The court of appeals also commented:

"A bail bond is a contract between the government and the defendant and his surety.... Upon forfeiture, the surety becomes the government's debtor.... Thus the government's motion for judgment [is] 'civil, not criminal, in nature.'"
*Id.* (quoting *United States v. Plechner*, 577 F.2d 596, 598 (9th Cir.1978)).

applying to the setting aside of forfeiture in paragraph (2) of this subdivision.

[2-4] Upon breach of condition of a bond, the court has no discretion in determining whether the bond should be forfeited. *United States v. Nolan,* 564 F.2d 376, 378 (10th Cir.1977); Fed.R.Crim.P. 46(e)(1). Under Rule 46, the court is not required to provide notice to the sureties when the court declares forfeiture under Rule 46(e)(1). *United States v. Marquez,* 564 F.2d 379, 381 (10th Cir.1977); *Babb v. United States,* 414 F.2d 719 (10th Cir.1968); Fed.R.Crim.P. 46(e)(3). As it is the surety's contractual obligation to insure the defendant's scheduled presence in court, it is incumbent on the surety to be aware of the defendant's location. *Marquez,* 564 F.2d at 380. Therefore, the surety's liability is not conditioned upon notice by the government of the defendant's failure to appear. *Id.*

However, notice to the surety is required when the government moves for judgment. C. Wright, *Federal Practice and Procedure* § 776 at 175 (1982). In *Marquez,* the Tenth Circuit stated:

> In comparing 46(e)(1) and 46(e)(3) it is quite clear that the court need only provide notice of a motion to enter judgment on the forfeiture under 46(e)(3).... Appellants did receive notice of the motion to enter judgment and therefore rule 46(e) does not provide any ground for reversal.

564 F.2d at 381. In *United States v. Navarrete–Martinez,* 776 F.2d 887 (10th Cir. 1985), the surety argued that the district court violated Rule 46(e)(3) by failing to mail it a copy of the Motion for Forfeiture of Bond and for Judgment. The Tenth Circuit stated:

> While the appellant did not receive an actual copy of the motion, Mr. Douglas

Riddle, the [surety's] agent, was aware that the motion had been filed, and of the circumstances giving rise to its filing, well before the October 28 hearing. He also attended that hearing. Therefore, the court's failure to comply with Fed. R.Crim.P. 46(e)(3) is harmless error. *Id.* at 888.

### Discussion

■ American Bankers contends that it did not have notice of the United States' motion to amend judgment and enter judgment against American Bankers.[3] The government apparently concedes that actual notice of the motion was not provided directly to American Bankers. The government, however, does not concede that American Bankers had insufficient notice of the government's motion so as to prevent the entry of judgment against the surety.

The government contends that because the Amended Judgment for Bond Forfeiture submitted to the clerk[4] referenced the motion of the United States for judgment against the surety, and because no written motion was filed with the court, "the submission of the order of Amended Judgment for Bond Forfeiture to the Clerk of the court for presentation to the court constituted an oral motion for amended judgment, which was duly filed and, thus served upon the clerk." The United States contends that this complied with at least the spirit, if not the technical aspects, of Rule 46. The United States also suggests that because the surety was aware that the defendant Richard Lacey had failed to appear at trial and was at large for over a year, American Bankers knew that judgment would inevitably be entered against it.

While the United States' arguments are imaginative, in the final analysis the court

---

**3.** American Bankers also suggests that the government's failure to comply with Fed. R.Civ.P. 19 (joinder) bars judgment against it. This argument is without merit. Fed.R.Crim.P. 46 governs the issues presented in this case. Moreover, if the court were to apply the rules governing civil matters in this district to this case, American Bankers' motion to reconsider would be untimely. *See* D.Kan.Rule 206(f).

**4.** Rule 46(e)(3) provides in pertinent part: "By entering into a bond the obligors submit to the jurisdiction of the district court and irrevocably appoint the clerk of the court as their agent upon whom any papers affecting their liability may be served."

is compelled to conclude that American Bankers did not receive adequate notice of the government's motion for judgment. The government's interpretation essentially reduces the notice requirement of Rule 46 to a nullity. Accepting the government's arguments would also seemingly violate due process, the essence of which is embodied in Rule 46. Nor can the court conclude that this error was harmless under the Tenth Circuit's analysis in *Navarrete–Martinez,* as American Bankers did not, in fact, have sufficient notice of the government's motion for judgment.

The other arguments presented by American Bankers relating to the issue of remission are therefore moot; [5] those issues are apparently saved for another day as the United States has indicated that it intends to file a motion to alter and amend judgment for bond forfeiture so as to enter judgment against American Bankers.

IT IS THEREFORE ORDERED that American Bankers' motion to reconsider its motion to set aside the Amended Judgment for Bond Forfeiture (Dk. 330) is granted. The amended journal entry of judgment entering judgment against American Bankers Insurance Company of Florida. (Dk. 315) is set aside.

---

[5]. American Bankers' motion is titled "Motion for Reconsideration, or in the Alternative, Motion for Remission." On page 7 of American Bankers' brief, the subheading is titled "Surety Moves to Set Aside the Bond Forfeiture or for Remission." Because the court has set aside the amended journal entry of judgment, American Bankers' motion for "remission" is, at this time, moot. Aside from the subheading in American Bankers' brief it is difficult to tell whether it is arguing that the court should set aside the bond forfeiture; the body of the brief primarily addresses the issue of remission.

In any event, the court has declared a bond forfeiture and entered judgment against Richard Lacey. In the current posture of this case, the court will not (assuming for the sake of argument that the court could under Rule 46 given that judgment has been entered against the defendant himself) set aside any portion of the bond forfeiture. In the event that the United States does move to alter and amend judgment to enter judgment against American Bankers and that motion is successful, the court will then consider the issue of remission.