**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Larry Ray VADER, Defendant–Appellant.**

**No. 79–1910.**

United States Court of Appeals, Tenth Circuit.

Submitted Sept. 12, 1980.

Decided Sept. 26, 1980.

Ronald L. Rencher, U. S. Atty., and Gordon W. Campbell, Asst. U. S. Atty., Salt Lake City, Utah, for plaintiff–appellee.

Randall Gaither, Salt Lake City, Utah, for defendant–appellant.

Before McWILLIAMS, BARRETT and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

After examining the briefs and the appellate record, this three–judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R. App.P. 34(a); Tenth Cir. R. 10(e). The cause is therefore ordered submitted without oral argument.

Larry Ray Vader was convicted by a jury of unlawfully distributing a controlled substance in violation of 21 U.S.C. §§ 812(c) and 841(a)(1). The Government called but one witness, a special agent for the Drug Enforcement Administration, who testified that he purchased a quantity of heroin from Vader, the defendant, in a motel room in Salt Lake City, Utah for the sum of $1,400.

Vader testified in his own behalf, and also called six other defense witnesses. The gist of Vader's testimony was that he was entrapped. He admitted the transaction with the DEA agent, and explained that the reason he sold the heroin to the agent was that he was simply accommodating a long–time personal friend, who, unbeknownst to

Vader, turned out to be a Government informer. According to Vader, the informant, over a period of time, had repeatedly urged him to participate in the sale of the heroin to the undercover agent and that he initially rebuffed such importunings. However, Vader said he eventually gave in and reluctantly went along with the scheme because he "would probably do most anything" for his erstwhile close friend (the informer), who had even been the best man at his wedding.*

The entrapment issue was presented to the jury under instructions to which there was no objection. The jury rejected the entrapment defense, and returned a guilty verdict. Vader was later placed on probation.

On appeal Vader contends that the judgment should be reversed on either of two grounds: (1) error by the trial court in accelerating the trial date some six days from the date previously set for trial; and (2) incompetence of trial counsel which was a denial of Vader's Sixth Amendment right to the assistance of counsel. In a matter not related to the validity of the conviction, Vader also claims that the trial court erred in denying his motion for remission of a previously forfeited cash bond. In our view, none of these matters has substance, and we therefore affirm. A brief chronology of events will place the matter in focus.

The indictment charging Vader with a violation of 21 U.S.C. §§ 812(c) and 841(a)(1) was returned on May 17, 1978. Vader was released from custody on a $2,500 cash bond. Trial of the case was postponed, on request, four different times, once at the request of the Government when its witness was injured in an automobile accident, and three times at the request of Vader. Vader's first request was prompted by a desire on his part for further medical examination. Vader's second request was based on the fact that he had himself been involved in an automobile accident with resulting injuries. Trial of the case was then set for February 26, 1979.

Vader's third request for a continuance was based on the fact that he had contracted hepatitis, and the case was reset for March 23, 1979. At the hearing on Vader's third request for a continuance, the trial judge indicated that he was somewhat displeased at his inability to get the case tried, and declared that the March 23 setting was a firm one.

On March 23, 1979, the case came on for trial. The prosecutor was present and ready for trial. A panel of jurors was also present. Vader, however, was not present. His counsel stated that it was his "understanding" that Vader had recently undergone "elective surgery." The trial judge was unimpressed, and he ordered the $2,500 cash bond forfeited and issued a bench warrant for Vader's arrest. Vader was later taken into custody, and this time released on a $10,000 cash bond.

On May 7, 1979, the trial court entered an order setting the trial date for June 25, 1979. On May 16, 1979, counsel for Vader filed a Motion for Remission of Cash Deposit Bail, asking that the earlier forfeiture order of the $2,500 cash bond be vacated or remitted. Hearing on the motion for remission was held on June 7, 1979, and, if not denied on that particular date, was most certainly denied at a later date. At the June 7 hearing the trial court accelerated the trial date from June 25, 1979, to June 19, 1979, in order to accommodate the court calendar. Defense counsel did not make any objection, although he did mention that he might encounter a time problem in connection with his interviewing of prospective witnesses. The trial court indicated that it would listen to any problems defense counsel might encounter when the case came on for trial on June 19.

On June 19, 1979, the case came on for trial with counsel for both sides announcing their readiness. It was a one–day trial, with, as above indicated, the Government calling one witness and the defendant seven.

---

* It would appear that defense strategy was to bring the case against Vader within the perimeters of *Sherman v. United States*, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958).

At trial Vader was represented by appointed counsel. After trial, Vader became displeased with the services of appointed counsel. Upon being advised of this fact, the trial court permitted appointed counsel to withdraw from the case. Before withdrawing, however, appointed counsel filed a motion for a new trial, alleging that the acceleration of the trial date from June 25 to June 19, 1979, had deprived Vader of the opportunity to obtain the presence of a material witness. New counsel was then appointed for Vader, and an amended motion for new trial was filed. The amended motion added an additional ground for new trial, namely, the incompetence of trial counsel. These motions were denied.

■ The first matter urged in this Court as ground for reversal is the acceleration of the trial date from June 25 to June 19, 1979, some six days. We find no reversible error in this regard. The case was over a year old, and had been continued some four times, three times at the behest of Vader. When the trial court ordered the trial date accelerated by six days, there was no real objection thereto. When the case came on for trial on June 19, 1979, counsel indicated readiness, and there was no suggestion that any critical witness could not be located. The instant case is comparable to *Ward v. United States*, 344 F.2d 316 (10th Cir. 1965), where we held that the rescheduling of the defendant's trial to take place five days earlier than it had been previously scheduled for did not deny him due process.

■ Counsel in this Court, who did not represent Vader in the trial of the case, also seeks reversal on the ground that trial counsel was incompetent and that Vader was thereby denied his Sixth Amendment right to the assistance of counsel. We have read the transcript of the trial proceedings and fail to perceive any violation of Vader's right to counsel. In *Dyer v. Crisp*, 613 F.2d 275 (10th Cir.), *cert. denied*, 445 U.S. 945, 100 S.Ct. 1342, 63 L.Ed.2d 779 (1980), we held that the Sixth Amendment demands that appointed defense counsel exercise the skill, judgment, and diligence of a reasonably competent defense attorney. In our view of the matter, trial counsel in the instant case exercised such skill, judgment, and diligence. The case was lost, but that doesn't mean that trial counsel's performance was subpar. Much of the criticism leveled against trial counsel in this Court could be categorized as Monday morning quarterbacking. When a case is lost, hindsight, by different counsel, often suggests many ways in which the trial could have been conducted differently. We find Vader's representation did not fall below the requirement announced in *Dyer v. Crisp*, *supra*.

■ The last matter urged does not relate to the validity of Vader's conviction. As indicated, Vader did not appear for his trial on March 23, 1979, at which time the trial court forfeited the $2,500 cash bond that Vader had deposited with the court. Fed.R.Crim.P. 46(e)(1). Counsel later asked for a remission of the forfeiture order. Fed.R.Crim.P. 46(e)(2) and (4). In seeking to regain his $2,500, the only evidence offered in support thereof was a letter ostensibly written by a California physician stating that he had performed a "semi–emergency" operation on Vader, precipitated by a "pain at the hernia site," on March 13, 1979, some ten days *prior* to the trial date of March 23, 1979. The trial court was unmoved by this excuse, and denied the request that he vacate, or remit, his previous forfeiture order. In so doing, we find no abuse of discretion on the part of the trial court. The record strongly suggests that for over a period of one year Vader would appear in court when it was convenient for him. The trial date of March 23, 1979, was a firm one, and all concerned knew it as such. Vader failed to appear, and the trial court was not bound to accept at face value the excuse subsequently offered.

In *Smaldone v. United States*, 211 F.2d 161 (10th Cir. 1954), this Court held that under Fed.R.Crim.P. 46(e)(2) and (4) a trial court has the discretionary power to set aside a forfeiture order, or remit it, in whole or in part. The existence of a discretionary power connotes the absence of a

hard and fast rule. *The Styria v. Morgan*, 186 U.S. 1, 9, 22 S.Ct. 731, 734, 46 L.Ed. 1027 (1901). In *Smaldone*, the Tenth Circuit, citing *Langnes v. Green*, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520 (1931), adopted the following definition:

> And in this connection, the term discretion when used as a guide to judicial action means sound discretion not discretion exercised arbitrarily but with due regard for that which is right and equitable under the circumstances. It means discretion directed by reason and conscience to a just result.

This Court in *Smaldone* held that under the circumstances of that case the trial judge had abused his discretion when he refused to vacate or remit his forfeiture order. In the instant case, however, we find no such abuse. The reason for the disparate result is that the facts in *Smaldone* are as different from the facts in the instant case as is night from day.

Judgment affirmed.