**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jeffrey PAYNE, Defendant-Appellant.**

**No. 80–1742.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Feb. 19, 1981.

Decided March 3, 1981.

---

Sara Criscitelli, Atty., Dept. of Justice, Appellate Div., Washington, D. C. (Charles E. Graves, U. S. Atty., and Jeffrey C. Fisher, Asst. U. S. Atty., Cheyenne, Wyo., on the brief), for plaintiff-appellee.

Douglas J. Moench, Jr., of Cole & Moench, Cheyenne, Wyo., for defendant-appellant.

Before BARRETT, DOYLE and LOGAN, Circuit Judges.

BARRETT, Circuit Judge.

Jeffrey Payne (Payne) was convicted by a jury of conspiring to distribute, and possess-ing with intent to distribute, controlled substances in violation of 21 U.S.C. §§ 841 and 846. Payne appeals, alleging (1) a denial of his Sixth Amendment right to effective assistance of counsel, and (2) that the evidence adduced at trial is not sufficient to support the jury's verdict.

*Sixth Amendment Violations*

Payne asserts his Sixth Amendment right to effective assistance of counsel was abridged when his trial counsel failed to present the defense outlined in his opening statement to the jury. We disagree.[1]

In *Dyer v. Crisp*, 613 F.2d 275, 278 (10th Cir. 1980) (en banc), *cert. denied*, 445 U.S. 945, 100 S.Ct. 1342, 63 L.Ed.2d 779 (1980), we held that the "Sixth Amendment demands that defense counsel exercise the skill, judgment and diligence of a reasonably competent defense attorney." This does not mean, however, that because "[t]he case was lost ... trial counsel's performance was subpar." *United States v. Vader*, 630 F.2d 792, 794 (10th Cir. 1980). Rather, each case must be determined on an ad hoc basis.

While trial counsel indicated in his opening statement that a separate defense case would be presented, he placed primary emphasis on the anticipated weakness of the prosecution's case which would be exposed through cross-examination. As Payne's trial counsel explained in his summation, no witnesses were called for the defense because he believed that the Government failed to meet its burden of proving Payne guilty beyond a reasonable doubt. "When a case is lost, hindsight, by different counsel, often suggests many ways in which the trial could have been conducted differently." *Id.* at p. 794. Defense attorneys must be given wide latitude and should not be condemned for making reasonable, strategic decisions in the heat of trial. No Sixth Amendment deprivation occurred under the circumstances presented in this case.

We have indicated that where the incompetence of counsel is pervasive, *United States v. Porterfield*, 624 F.2d 122, 124 (10th

---

1. Payne is represented by new counsel on appeal.

Cir. 1980), or other unusual circumstances exist, *United States v. Golub,* 638 F.2d 185 (10th Cir. 1980), specific proof of prejudice by the defendant is not required. Rather, the "burden should be on the government to establish the lack of prejudice." *United States v. Porterfield, supra,* at p. 125. While this proposition may be questionable in light of *United States v. Morrison,* ―― U.S. ――, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981) and other decisions, *e. g. United States v. Wood,* 628 F.2d 554 (D.C.Cir.1980) (en banc), we need not address the issue. Here, the Government has met its burden of establishing a lack of prejudice. Even should we assume ineffectiveness of counsel, the circumstances presented here do not warrant reversal.

### Sufficiency of the Evidence

Payne also contends the evidence adduced at trial is not sufficient to support the conviction. Viewing the evidence in the light most favorable to the Government, *United States v. Petersen,* 611 F.2d 1313 (10th Cir. 1979), *cert. denied,* 905 U.S. 447, 100 S.Ct. 2985, 64 L.Ed.2d 854 (1980), we hold that evidence presented supports the jury's verdict.

AFFIRMED.