## UNITED STATES of America, Plaintiff-Appellee,

v.

**James Harold CRAFT, Harold A. Craft and Valerie Craft, Defendants, American Druggist Ins. Co., Defendant-Appellant.**

### No. 84–8786.

United States Court of Appeals, Eleventh Circuit.

June 12, 1985.

---

T. Michael Martin, Jonesboro, Ga., for defendant-appellant.

Albert L. Kemp, Jr., Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before RONEY and HILL, Circuit Judges, and PITTMAN *, District Judge.

JAMES C. HILL, Circuit Judge:

Appellant American Druggist Insurance Company ("American Druggist"), a surety, appeals a district court order entering judgment on a forfeited bond. One issue is presented: where a defendant, free on bond prior to trial, is notified of, but fails to appear at, a hearing on the government's motion to modify the terms of the bond, is the defendant's surety relieved from forfeiture because the surety was not given separate notice of the hearing? We hold that the surety is not relieved from forfeiture, and affirm the district court's order.

## FACTS

Appellant American Druggist acted as surety for part of the bond of James Harold Craft, so that Craft could be released pending trial on drug charges. The terms of the bond did not expressly require the government to notify the surety of any of the defendant's required appearances. The government filed a motion to reconsider the terms of the bond. A show cause hearing was scheduled and Craft was notified of the date, time and purpose of the hearing. American Druggist was not notified of the hearing. When Craft failed to appear at the hearing, the bond was forfeited. The terms of the bond were never modified. The government filed a motion for judgment on the forfeited bond. After

---

* Honorable Virgil Pittman, U.S. District Judge for the Southern District of Alabama, sitting by designation.

a hearing, of which appellant had been notified, the motion was granted. American Druggist appeals, claiming it was not subject to forfeiture, since it was never given notice of the show cause hearing.

## DISCUSSION

■■ A bond is "a contract between the surety and the government that if the government releases the principal from custody, the surety will undertake that the principal will appear personally at any specified time and place...." *Stuyvesant Insurance Co. v. United States*, 410 F.2d 524, 526 (8th Cir.), *cert. denied*, 396 U.S. 836, 90 S.Ct. 96, 24 L.Ed.2d 87 (1969). It is thus the surety's responsibility to ensure the principal's attendance. The principal must be notified of required appearances. However, at least where the bond is silent, the surety generally is not entitled to special, separate notice of the principal's required appearances. The principal's failure to appear leaves the surety in breach and subject to forfeiture, even though the surety was not so notified. *United States v. Roher*, 706 F.2d 725, 727 (5th Cir.1983); *Stuyvesant*, 410 F.2d at 526–27; *United States v. Wray*, 389 F.Supp. 1186, 1191 (W.D.Mo.1975). Thus, under the general rule, American Druggist would be subject to forfeiture. The issue here is whether this general rule does not apply simply because the subject matter of the hearing, which the principal fails to attend, was a motion to change the terms of the contract.

Apparently, no cases have decided this precise issue, though two cases have particular bearing on it. In *United States v. Egan*, 394 F.2d 262 (2d Cir.), *cert. denied*, 393 U.S. 838, 89 S.Ct. 116, 21 L.Ed.2d 109 (1968), a surety moved to set aside forfeiture of a bond on the ground that it had no notice that the trial judge had changed conditions of the bond so that the principals/defendants were required to report to the marshal once every ten days as opposed to every day. The court never reached the legal issue because it found the surety in fact knew of the change, even though it had not been notified. The court

did suggest, however, in *dicta* that "[i]f the Government moves the court for a modification of the terms of the bond, it should give reasonable notice of the motion to the defendant and the surety." *Id.* at 267.

In *United States v. Robinson*, 453 F.Supp. 1 (S.D.N.Y.1977), a surety moved to set aside a forfeiture of a bond because it had not been given notice that the court had increased the amount of the bond. Relying on the *Egan dicta*, the *Robinson* court determined that the government had a duty to notify a surety when the terms of a bond are changed, stating, there is "a minimal duty on the Government to notify the surety where its risk has been significantly increased and the surety is not likely to be aware of this fact." *Id.* at 3. According to the *Robinson* court,

> *Egan* recognizes that a surety can not be expected to be constantly in court to moniter [sic] the proceedings. It also implicitly recognizes that neither the defense attorney nor the defendant can be counted upon to notify the surety when in many cases such notice will result in the surrender of the defendant by surety. Rather, *Egan* stands for the notion that the surety must be notified when the Government becomes aware that the risk of flight has increased. The burden on the Government is a miniscule one and only arises when there has been a significant change in the bond. Furthermore, notice serves the Government's interest as it protects the surety neither wishes to see the defendant flee [sic].

*Id.* The court in *Robinson* determined that the surety had received actual notice that the bond was increased and thus found that the government had met the "notice burden." *Id.*

■■ Relying on the *Egan dicta* and the *Robinson* exception to the general rule disfavoring notification, appellant argues it was entitled to notice here, even though the terms of the bonds were never changed, because (1) a surety cannot be expected to monitor the courts for bond modification motions and hearings, and (2)

the risk of flight is increased by the mere fact that the court will be considering changing the terms of bond and placing the principal defendant in custody. We reject appellant's arguments. We find no reason why a surety can be expected to monitor the courts for notice of all other motions and proceedings, but not those involving modification of the terms of the bond. Further, we find no reason why the risk of flight is increased more by a motion or hearing concerning modification of the bond than by the court's setting of the trial date or the government's location of an eye witness or the government's refusal to plea bargain. Each of these events, about which a defendant typically is notified, increases the chance that the defendant will be in custody all the sooner, and so, increases the principal/defendant's motivation to flee. Thus, under appellant's rationale, the government would be required to give notice to the surety in a countless number of situations.

In short, adoption of appellant's argument would do away with the "no notification" rule entirely. The exception would swallow the rule as there would be no reasoned basis upon which to limit the exception to motions and proceedings involving modification of bonds. We refuse to contribute to the ultimate demise of this well-established rule, and indeed, we are bound by precedent not to do so. We do note that in *Egan* and *Robinson*, unlike here, the terms of the bond were actually changed. We make no comment on whether a surety is entitled to notice under such circumstances. Further, we presume that the parties to a bond could, with the court's approval, include in the terms of the bond the requirement that the government give the surety notice of bond modification proceedings. Here, we hold only that under the circumstances of this case the surety is not relieved from forfeiture simply because it was not given separate notice of the bond modification hearing.

AFFIRMED.