934 F.2d 326
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
United States of AMERICA, Plaintiff-Appellee,
v.
Joseph Michael KALADY, Defendant-Appellant.
 No. 90-8080.
 United States Court of Appeals, Tenth Circuit.
 May 30, 1991.
 
 ORDER AND JUDGMENT*
 Before ANDERSON, TACHA, and BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Kalady, a federal prisoner, appeals pro se the forfeiture of his appearance bond.
 
 
 3
 In December 1988 a federal grand jury returned a seven-count indictment against Mr. Kalady charging him with conspiracy, mail fraud, and wire fraud. Mr. Kalady was arrested in Chicago and taken before a magistrate judge who set bond in the amount of $4,500. Mr. Kalady and his sister executed this bond. The conditions of this bond were that Mr. Kalady would appear at such places and in accordance with "all orders and directions."
 
 
 4
 Mr. Kalady was arraigned in Wyoming on January 3, 1989. Mr. Kalady's bond was continued and Mr. Kalady was ordered to appear for trial. Mr. Kalady failed to appear for his scheduled trial on May 3, 1989. A bench warrant was issued and Mr. Kalady was found at a monastery in Wisconsin and arrested there in November 1989. Mr. Kalady was returned to Wyoming where he was indicted for failure to appear in December 1989.
 
 
 5
 The government then moved to dismiss the original charges due to a severe sickness of the government's key witness and the trial court granted this motion with prejudice in June 1990. Mr. Kalady pled guilty to the failure to appear charge in August 1990 and was sentenced to forty months.[1]
 
 
 6
 The district judge in the meantime ordered Mr. Kalady's bond forfeited. The district court made detailed findings of fact in its five-page order dated July 23, 1990.
 
 
 7
 Among other things, the court found there was no order "releasing the $4,500 signature bond." The court concluded "there was no need to execute a further unsecured bond in this case, since a bond had been executed before the United States Magistrate."
 
 
 8
 Mr. Kalady appeals this decision asserting, first, that the bond that should have been forfeited was the bond posted by a bondsman in a lesser amount. The district court found, based upon the record, that this bond was never posted.
 
 
 9
 We must accept the district court's findings of fact unless they are clearly erroneous. Cf. United States v. Easterling, 921 F.2d 1073, 1077 (10th Cir.1990) (review of fact findings by a sentencing court is for clear error), cert. denied, --- S.Ct. ---- (1991 WL 72541) (May 20, 1991). The record fails to support Mr. Kalady's position and we therefore cannot hold the district court's findings of fact in this regard to be clearly erroneous.
 
 
 10
 Mr. Kalady next asserts that the bond posted in Chicago terminated when he appeared in Wyoming for his January 1989 arraignment. Again, the record fails to support Mr. Kalady's contention. The terms of the bond and the district court's order continuing the bond are both clear and specific.
 
 
 11
 In his reply brief, Mr. Kalady raises additional arguments including that the bond was unenforceable and as the bond "was only on an own-recognizance bond" there was no surety and cannot be forfeited. Mr. Kalady misperceives the law.
 
 
 12
 The judgment of the district court ordering the bond to be forfeited is supported by facts in the record. No adequate showing has been made that the district court abused its discretion in ordering the bond to be forfeited. United States v. Vader, 630 F.2d 792, 794-95 (10th Cir.) (trial court has discretionary power to set aside a forfeiture order or remit it in whole or part), cert. denied, 449 U.S. 1037 (1980). Said Judgment is therefore AFFIRMED. The pending motions to supplement the record are GRANTED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Mr. Kalady is appealing this conviction and sentence in a separate appeal, No. 90-8087