UNITED STATES of America,
Plaintiff–Appellee,

v.

Richard Ray LACEY, Defendant,

American Bankers Insurance
Company, Appellant.

No. 91–3343.

United States Court of Appeals,
Tenth Circuit.

Dec. 14, 1992.

James L. Pinkerton, Wichita, KS, for appellant.

Emily B. Metzger (Lee Thompson, U.S. Atty., with her on the brief), Asst. U.S. Atty., for plaintiff-appellee.

Before LOGAN, TACHA, and EBEL, · Circuit Judges.

TACHA, Circuit Judge.

Appellant American Bankers Insurance Co. ("ABI") appeals from a district court order granting the United States' motion for judgment on bond forfeiture. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

ABI is the surety for a $100,000 appearance bond executed by Richard Lacey prior to his trial for various drug-related offenses. When Mr. Lacey did not appear for trial, the government filed a motion to forfeit the bond pursuant to Rule 46(e)(1) of the Federal Rules of Criminal Procedure. After the court granted that motion, the government filed a motion under Rule 46(e)(3) for judgment on bond forfeiture

against Mr. Lacey. The court granted that motion and entered judgment against Mr. Lacey for $100,000 plus interest. Upon motion by the government, the court amended its order to grant the government judgment against Mr. Lacey and ABI jointly and severally. After the court denied ABI's subsequent motion to set aside the amended judgment, *United States v. Lacey*, 768 F.Supp. 781 (D.Kan.1991), ABI filed a motion for reconsideration or, in the alternative, for remission. Upon reconsideration, the court set aside its amended judgment. *United States v. Lacey*, 778 F.Supp. 1137 (D.Kan.1991). The government then filed a new motion for judgment on bond forfeiture against Mr. Lacey and ABI, which the court granted. *United States v. Lacey*, No. 89–10054–01, 1991 WL 241818 (D.Kan. Oct. 25, 1991).

ABI now appeals that judgment, asserting three grounds for reversal: (1) the government's claim was barred by res judicata; (2) the government violated Rule 19 of the Federal Rules of Civil Procedure when it failed to join ABI in its first motion; and (3) the district court abused its discretion when it failed to grant remission to ABI. We address each contention in turn.

I.

Res judicata, or claim preclusion, is the doctrine under which a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action. *See May v. Parker–Abbott Transfer & Storage, Inc.*, 899 F.2d 1007, 1009 (10th Cir.1990). ABI argues that because the government could have raised its claim against ABI in its first motion to grant judgment on bond forfeiture against Mr. Lacey, it could not litigate that claim in any later action against ABI. The district court rejected ABI's argument on the grounds that res judicata has no application on the facts of this case. *Lacey*, 1991 WL 241818, at *1 & n. 5. We review the district court's ruling on res judicata de novo. *See Northern Natural Gas Co. v. Grounds*, 931 F.2d 678, 681 (10th Cir.1991).

■ We reject ABI's argument for two distinct reasons. First, res judicata only operates as a bar to claims when there has been a final judgment. Even assuming that the court's first order granting judgment on bond forfeiture against Mr. Lacey was a final judgment,[1] ABI cannot cite that order as establishing preclusion because the court set it aside before ruling on the government's final motion. "A judgment that has been vacated, reversed, or set aside on appeal is thereby deprived of all conclusive effect, both as res judicata and as collateral estoppel. The same is true, of course, of a judgment vacated by a trial court." 1B James W. Moore et al., Moore's Federal Practice ¶ 0.416[2], at 517 (2d ed. 1992) [hereinafter Moore's] (footnote omitted); *see also Martinez v. Winner*, 800 F.2d 230, 231 (10th Cir.1986).

■ Second, the doctrine of res judicata does not bar a plaintiff who has successfully sued an obligor from maintaining an action against a co-obligor. As the Restatement (Second) of Judgments provides, "[a] judgment against one person liable for a loss does not terminate a claim that the injured party may have against another person who may be liable therefor." Restatement (Second) of Judgments § 49 (1988). This is because "the claim against others who are liable for the same harm is regarded as separate." *Id.* cmt. a; *see also Gill & Duffus Servs., Inc. v. A.M. Nural Islam*, 675 F.2d 404, 406–07 (D.C.Cir.1982) (per curiam); *McClelland v. Facteau*, 610 F.2d 693, 695 n. 1 (10th Cir.1979); 18 Charles A. Wright et al., Federal Practice and Procedure § 4407, at 52–53 (1981) [hereinafter Federal Practice and Procedure] ("A single plaintiff ... has as many causes of action as there are defendants to pursue.").

■ In our view, the rule advanced by ABI would effectively "create a 'mandatory joinder' rule of procedure, since, in order to avoid the res judicata bar, a plaintiff would be required to join all possible defendants when suing one party." *Drug Purchase, Inc. v. Dubroff*, 485 F.Supp. 887, 890 (S.D.N.Y.1980). We decline to adopt such a rule. Under our system of procedure, party joinder "is controlled by rules that do not turn on definition of a claim or a cause of action and that are administered *directly* in the first action." 18 Federal Practice and Procedure § 4407, at 53–54 (emphasis added). We therefore hold that where the government wins judgment against a defendant on bond forfeiture, the doctrine of res judicata does not bar the government from proceeding against the surety on the bond.

## II.

■ ABI also contends that the district court erred because the government violated Rule 19 of the Federal Rules of Civil Procedure when it failed to join ABI in its first motion. The district court held that because the Federal Rules of Criminal Procedure—and not the Federal Rules of Civil Procedure—govern motions for judgment on bond forfeiture, Rule 19 has no application in this case. *Lacey*, 1991 WL 241818, at *1. We agree.

■ The plain language of Rule 46 precludes the application of Rule 19 in this context. Subsection (3) provides that a surety's liability "may be enforced on motion *without the necessity of an independent action.*" Fed.R.Crim.P. 46(e)(3) (emphasis added). This provision contemplates a summary proceeding designed to resolve efficiently the obligors' liability on the bond.[2] Application of the Rules of Civil

---

1. We express no opinion as to whether a judgment on bond forfeiture under Rule 46(e)(3) is a final judgment for purposes of res judicata, collateral estoppel, or appellate jurisdiction.

2. A brief review of Rule 46(e)(3)'s genesis supports our conclusion. Subsection (3) derives from former Rules 65(c) and 73(f), now Rule 65.1, of the Federal Rules of Civil Procedure. *See* 3A Federal Practice and Procedure § 776, at 175 n. 5; *see also* Fed.R.Crim.P. 46 advisory committee's note of 1944 to subdivision (f) (now subdivision (e)). Rule 65.1 establishes a procedure to enforce liability on bonds executed under federal rules by providing that a surety's liability "may be enforced on motion without the necessity of an independent action." Fed.R.Civ.P. 65.1. The drafters provided for this motion proceeding "in the interest of efficiency." Fed.R.Civ.P. 65(c) advisory committee's note of 1946, *reprinted in* 7 Moore's ¶ 65.1.01[3.–2]; *see also* 7 Moore's ¶ 65.1.04, at 65.1–12 (Rule

Procedure would destroy the summary nature of the Rule 46(e)(3) proceeding and render the emphasized clause meaningless. We therefore hold that the Federal Rules of Civil Procedure do not govern proceedings under Rule 46(e)(3).[3] Instead, whatever local rules or practices prevail in the district court shall govern such proceedings, provided that those rules or practices are not inconsistent with the Federal Rules of Criminal Procedure. *See* Fed.R.Crim.P. 57.

## III.

■ Finally, ABI contends that the district court erred by failing to remit the judgment on bond forfeiture pursuant to Rule 46(e)(4). Without citing any authority, ABI argues that it is entitled to at least partial remission because it spent approximately $20,000 in its unsuccessful attempt to locate Mr. Lacey. We review a district court's decision denying remission for an abuse of discretion. *United States v. Vader*, 630 F.2d 792, 794–95 (10th Cir.), *cert. denied*, 449 U.S. 1037, 101 S.Ct. 616, 66 L.Ed.2d 500 (1980).

■ Under Rule 46(e)(4), the court "may remit [a judgment entered under subsection (3)] in whole or in part under the conditions applying to the setting aside of forfeiture" provided by subsection (2). Fed.R.Crim.P. 46(e)(4). Subsection (2) provides that a court may set aside a bond forfeiture declared pursuant to subsection (1) if it "appears that justice does not require the forfeiture." Fed.R.Crim.P. 46(e)(2). We have held that courts should consider factors such as "willfulness of the breach and prejudice to the government" when deciding whether justice requires setting aside a bond forfeiture under Rule 46(e)(2). *United States v. Nolan*, 564 F.2d 376, 378 (10th Cir.1977). These same factors are relevant to the decision whether to remit a judgment on bond forfeiture under Rule 46(e)(4). *United States v. Abernathy*, 757 F.2d 1012, 1015 (9th Cir.), *cert. denied*, 474 U.S. 854, 106 S.Ct. 156, 88 L.Ed.2d 129 (1985); *see also Vader*, 630 F.2d at 794–95 (addressing willfulness of breach).

■ The Ninth Circuit recently summarized the list of factors it considers relevant to the district court's decision whether to grant relief under Rule 46(e)(2) and (4). *See United States v. Minor*, 846 F.2d 1184, 1190 (9th Cir.1988). Those factors include

> the willfulness of defendant's breach, any explanation or mitigating circumstances, whether the sureties were professionals or defendant's friends and family members, the participation of the sureties in apprehending defendant, the appropriateness of the bond amount, and the cost, inconvenience or prejudice to the government.

*Id.* We also find these factors relevant and adopt this list to provide guidance to the district courts of this circuit. The list is illustrative, not exhaustive.

The court below considered most of the factors we find relevant today and concluded that ABI was not entitled to remission. ABI does not challenge the court's statement of the relevant facts.[4] Its appeal rests solely on the fact that it spent $20,000

65.1 provides for a "simple ancillary motion practice"); 11 Federal Practice and Procedure § 2972, at 644 ("Rule 65.1 . . . permits the liability of a surety to be enforced through an expeditious, summary procedure. . . .").

3. Even if Rule 19 applied, it would not help ABI. The sole consequence of failing to join an indispensable party under Rule 19 is the dismissal of the action involved. *See* Fed.R.Civ.P. 19(b). Rule 19 itself does not preclude a plaintiff who has failed to join an indispensable party from pursuing claims against that party in a later action. *See* 18 Federal Practice and Procedure § 4407, at 53–54 ("Joinder is controlled by rules

. . . that are administered directly in the first action.").

4. The court found as follows:
Lacey's absence was unquestionably willful; no excuse was offered for Lacey's long absence. Lacey's failure to appear resulted in the need to file an additional charge, ultimately resulting in an additional prison sentence. While the surety's expenditure of $20,000 in an attempt to locate Lacey is admirable, Lacey's disappearance necessitated a protracted and time-consuming search. Law enforcement officials ultimately returned Lacey to appear before the court.
*Lacey*, 1991 WL 241818, at *2.

**414**

in an unsuccessful attempt to locate Lacey. Although we agree with the district court that ABI's effort was admirable, we cannot say that the court abused its discretion when it concluded that the facts weighed against remission.

AFFIRMED.