**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 26 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

ARMANDO LOZOYA,

     Defendant,

_____

RANDY S. GOMEZ,

     Movant-Appellant.

No. 99-2360

(D.C. No. CR-98-150-JP)
(D.N.M.)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , Chief Judge, **EBEL** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Randy Gomez appeals the district court's denial of his motion for reconsideration of a bond forfeiture order. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

Armando Lozoya was arrested on February 15, 1998, and charged with conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana. The district court ordered Lozoya released pending trial, provided that a $25,000 corporate surety bond was executed for Lozoya by Gomez as a solvent surety. The release order also restricted Lozoya's travel to his county of residence and required that he submit to an electronic monitoring program. On October 30, 1998, Lozoya entered a plea of guilty.

Lozoya failed to appear for sentencing on March 30, 1999. The government filed a motion for forfeiture of the bond and the district court ordered Gomez to show cause why the bond should not be forfeited. On July 6, 1999, the court ordered forfeiture of the bond to the government and entered judgment against Lozoya and Gomez in the amount of $25,000. Gomez filed a motion to reconsider, arguing the court failed to comply with 18 U.S.C. § 3143 and failed to give him notice of the court's intention to modify Lozoya's conditions of release. The motion was denied. On August 17, 1999, Gomez filed a second motion to reconsider and to supplement the record. He again argued the court

failed to comply with § 3143 and failed to give him notice, and requested that the court consider transcripts of the plea and sentencing hearings. The court denied the motion, concluding that "[b]ecause the bond had not been exonerated, the surety's obligation to the court is still in effect." Record, tab 378. On September 20, 1999, Gomez filed a motion to remit the bond, raising the same arguments. The court denied the motion.

II.

This court reviews the district court's decision denying remission for abuse of discretion. <u>United States v. Lacey</u>, 982 F.2d 410, 413 (10th Cir. 1992).

Gomez argues the district court violated 18 U.S.C. § 3143(a)(2) by not detaining Lozoya pending imposition of sentence after he pleaded guilty.

> The judicial officer shall order that a person who has been found guilty of an offense described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless –
>     (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>     (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>     (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). The transcript of Lozoya's plea hearing is not a part of the record, but the government admits that the district court did not make any of the required findings. However, even if the district court failed to comply with

3

§ 3143(a)(2), Gomez has not shown how that relieves him of his obligations under the bond. The bond stated that "this is a continuing bond (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated." Record, tab 11. An appearance bond should be strictly construed in accord with its own terms. United States v. Dudley, 62 F.3d 1275, 1277 (10th Cir. 1995).

Gomez also argues that after Lozoya was released on bond, the district court changed the terms and conditions of his release, without notice to Gomez, "by allowing [Lozoya] to travel to Disneyland in California and by removing [Lozoya] from electronic monitoring." Aplt. Br. at 2. This information is not contained in the record on appeal. Gomez argues he should have been notified and given an opportunity to appear to address any proposed changes in Lozoya's conditions of release. Gomez fails to show how this alleged lack of notice would relieve him of his obligation on the bond. "A surety is not relieved of its obligation on a bond by a modification of bail conditions unless the *government* has materially increased the surety's risk without notice to and consent of the surety." United States v. Gambino, 17 F.3d 572, 574 (2d Cir. 1994) (emphasis added). Gomez has not shown that the government materially increased Gomez' risk. It is the surety's contractual obligation to insure the defendant's presence in court. United States v. Marquez, 564 F.2d 379, 380 (10th Cir. 1977). Further,

4

the bond did not require that the government notify Gomez of proceedings. See United States v. Craft, 763 F.2d 402, 405 (11th Cir. 1985) (holding that when bond did not require the government to give the surety notice of bond modification proceedings, the surety was not relieved from forfeiture simply because it was not given separate notice of the proceedings).

In the context of a Rule 46(e)(4) motion to remit, the court considers the following non-exclusive factors to determine whether a bond should be forfeited: "the willfulness of defendant's breach, any explanation or mitigating circumstances, whether the sureties were professionals or defendant's friends and family members, the participation of the sureties in apprehending defendant, the appropriateness of the bond amount, and the cost, inconvenience or prejudice to the government." Lacey, 982 F.2d at 413. Gomez was a professional surety and was presumed to know the risks inherent in posting bonds. He does not argue that he attempted to apprehend Lozoya or that the bond amount was inappropriate. The district court did not err in ordering forfeiture of the bond.

III.

The order of the district court is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge